FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 DEC 28 A 11: 47

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

THOMAS J. RANGE, JR.,

    Plaintiff,

v.                                  Case No.: GJH-15-1323

US BANK NATIONAL
ASSOCIATION, et al.,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Thomas J. Range, Jr., a pro se litigant, has filed suit against Bank of America, N.A. ("BANA"), U.S. Bank National Association as Trustee for the Certificateholders of Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates Series 2007-AMC1 ("US Bank"), and McCabe Weisberg & Conway, LLC ("McCabe"). Range alleges that Defendants violated several statutes by claiming a right to foreclose on a property despite having knowledge that Defendants had no right to foreclose. ECF No. 2. Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants BANA and US Bank removed this matter from the Circuit Court for Prince George's County, Maryland to this Court. ECF No. 1.

This Memorandum Opinion and accompanying Order address Defendant McCabe's Motion to Remand (ECF No. 14). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendant McCabe's Motion to Remand is GRANTED. Furthermore, Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff's Motion for an

Extension of Time to File a Reply, and Defendants BANA's and US Bank's Motion to Dismiss will be DENIED as moot.

## I. BACKGROUND

Range commenced this action in the Circuit Court for Prince George's County on March 9, 2015 and issued summonses on or about March 27, 2015. ECF No. 14 at 1; ECF No. 19. BANA and US Bank received a copy of the Complaint and Summons on April 9, 2015 via certified mail. ECF No. 19 at 2. McCabe became aware of the action when it received a copy of the Complaint and Summons on April 15, 2015. ECF No. 14 at 2. Because the envelope in which the Complaint and Summons were delivered was destroyed, McCabe cannot state whether or not it arrived by certified mail. *Id.* BANA and US Bank removed this case from the Circuit Court on May 8, 2015. ECF No. 1; ECF No. 14 at 1-2. On May 22, 2015, McCabe filed a Motion to Remand, arguing that BANA and US Bank failed to obtain McCabe's consent to remove the matter to this Court. ECF No. 14. McCabe also filed a Motion to Remand Amended Complaint, which referred back to McCabe's Motion to Remand. ECF No. 24.

## II. DISCUSSION

McCabe asserts that the case should be remanded because BANA and US Bank did not obtain McCabe's required consent for removal. According to 28 U.S.C. § 1446, when a civil action is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (2012). "Under the rule of unanimity, when more than one defendant is named in the complaint, all of the defendants who have been served 'must join in the petition for removal.'" *Jacome de Espina v. Jackson*, No. DKC 15-2059, 2015 U.S. LEXIS 140369, at *11(D. Md. Oct. 15, 2015). This rule is not a "mere technicality, but an important part of the burden carried by the party seeking

2

removal jurisdiction." *Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 935 (D. Md. 1997). In a motion to remand, "the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court." *Blake v. Arana*, No. WQQ-13-2551, 2014 U.S. Dist. LEXIS 66459, at * 2 (D. Md. May 14, 2014) (citing *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005)); *see also Jacome de Espina*, 2015 U.S. Dist. LEXIS 140369, at *3 ("In considering a motion to remand, the court 'must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'").

Here, BANA and US Bank contend that McCabe is not a defendant in this matter because McCabe was not properly served. *See* ECF No. 19. An individual can be served in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Maryland Rule 2-121 permits service of process "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery – show to whom, date, address of delivery.' Service by certified mail under this Rule is complete upon delivery." Md. Rule 2-121.

McCabe received a copy of the Complaint and Summons, but the envelope in which the documents were received was inadvertently discarded. ECF No. 14 at 2. As a result, "McCabe is unable to affirmatively state what method was utilized to mail the complaint." ECF No. 14 at 3. Defendants BANA and US Bank argue that there is "no evidence that the Complaint and Summons was sent to McCabe via certified mail with restricted delivery" and thus no evidence McCabe was properly served. ECF No. 19 at 2, 4. McCabe correctly notes that service would be proper if the Complaint and Summons were sent via restricted delivery and argues that this uncertainty should be resolved in favor of remand. ECF No. 14 at 3. The Court agrees. Resolving

3

all doubt in favor of remand requires the Court to find that McCabe was adequately served. *Jacome de Espina*, 2015 U.S. Dist. LEXIS 140369, at *3

The Court additionally notes that a failure to serve the Complaint and Summons via restricted delivery would not automatically nullify the service of process. While the rules should be followed and the plain requirements not ignored, when the service of process "gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984). This is especially true when, as is the case here, the plaintiff is proceeding without an attorney. *See Curtis-Massey v. Mercy Med. Ctr.*, No. RDB-11-01522, 2011 U.S. Dist. LEXIS 115932, at *4 (D. Md. Oct. 7, 2011) (finding that while plaintiff failed to comply with strict requirements that plaintiff's "efforts to serve process without the assistance of counsel were sufficient to confer onto [d]efendant actual notice of this action."). Here, McCabe has acknowledged receipt of service, "is not challenging the propriety of service, and has not affirmatively alleged that service was improper." ECF No. 14 at 3. Having found that McCabe was properly served, the Court also finds that removal was improper without their consent.

## III. CONCLUSION

For the reasons stated above, Defendant McCabe's Motion to Remand is GRANTED. Accordingly, Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff's Motion for an Extension of Time to File a Reply, and Defendants BANA's and US Bank's Motion to Dismiss will be DENIED as moot. This case shall be closed and remanded to the Circuit Court for Prince George's County, Maryland.

Dated: December 28, 2015

GEORGE J. HAZEL  
United States District Judge